## CIRCUIT COURT OF HENRICO COUNTY

Michael Dobbins

v.

Henrico County

July 22, 1999

Case No. CH99000727

BY JUDGE CATHERINE C. HAMMOND

Pursuant to Virginia Code § 15.2-1507(A)(9) and Section IV.B. of the County of Henrico's Grievance Procedure (DX-F), Mr. Dobbins ("the employee"), a former law-enforcement officer for the County of Henrico ("the County" or "the employer"), appeals the County's decision that the employee's complaint respecting termination from employment is not grievable. The Court heard evidence on July 19, 1999, and the arguments of counsel.

The following facts are not in dispute.

On May 4, 1999, after a hearing, the employee's job with the Division of Police was terminated. He received written notice of the termination from Colonel Stanley advising him as follows. "You may accept my decision or you may appeal it ... ." "You have ten (10) calendar days ... to note your appeal and you have twenty (20) calendar days within which to file a grievance." (DX-E.)

On May 10, 1999, the employee went to the County building where the Personnel Department is housed and spoke with a receptionist, Ms. Strickland. He had never before filed a grievance. He told Ms. Strickland he had been terminated and needed to file a grievance. Ms. Strickland gave him a standard two-sided form entitled "Request for Grievance Hearing" (PX-1) which has three distinct boxes labeled, respectively, step one, two, and three. Ms. Strickland testified that she asked the employee which "level" grievance he wanted to file, and he responded "level three." She then date-stamped a form

on the side corresponding to a step three grievance (PX-2 and DX-D) and directed the employee to the nearby office of Mr. Pignato, who testified that he is the County's "facilitator" for all grievance procedures.

Next, the employee entered Mr. Pignato's office suite and spoke with Ms. Besenfelder, an employee of the Personnel Department, whose duties do not involve the grievance procedure. Mr. Pignato was engaged in other work and not available at that moment to meet with the employee. The employee and Ms. Besenfelder spoke briefly about the grievance process and then engaged in an exit interview concerning benefits.

At this point, the relevant evidence conflicts in part. The employee testified that he signed the form date-stamped May 10 (PX-2) and left it with the County on May 10. The County's witnesses and its documentary evidence (DX-C) established that the County's Director of Personnel was not aware of any request for a grievance hearing until a photocopy of a signed form was discovered by Mr. Pignato on May 25, one day after expiration of the twenty-day deadline for initiating step one of the grievance procedure. But both parties agree that the request form completed by the employee was limited to his name, social security number, and job title, together with a signature and date in the step three box. The form did not state any facts or details about the nature of the employee's complaint or grievance. (PX-2.)

The evidence showed that the County expected the employee to fill out the step two box on the form and return it within the deadline (DX-B), apparently even though he had not completed step one of the grievance process (DX-C). Ms. Besenfelder testified that on May 10, after checking with Mr. Pignato, she advised the employee to complete the step two part of the form. The employee denied this and testified that he believed he had completed and filed all the necessary papers on May 10, without inserting any information in the step two box. He recalled expressing surprise to Sergeant Price a while after May 10 when he had not heard from the County about the grievance. He testified that on May 10 he expected to appeal to the County Manager as "I figured I'd already gone through the department level hearing." On the whole, his testimony revealed confusion about the process.

Virginia Code § 2.1-116.4 requires that upon termination any law enforcement officer "be given written notification of his right to initiate a grievance under the grievance procedure established by the local governing body pursuant to §§ 15.1-7.1 and 15.1-7.2 [now set forth at §§ 15.2-1506 and 15.2-1507]." Section 15.2-1506 provides that the County's grievance procedure afford "an immediate and fair method for the resolution of disputes which may arise ... ." Sections V and VIII of the County's grievance procedure (DX-F) state as follows.

The Director of Personnel or his designee shall advise both employees and supervisors in matters concerning this grievance procedure.

At steps 2, 3, and 4 of this procedure, the grievant must complete and file a Request for Grievance Hearing form, sometimes referred to in this procedure as "the request form," in accordance with the instructions contained on the request form itself.

And the County's Request for Grievance Hearing form states as follows:

Step 2 — Department Level Hearing: To be completed by the grievant at Step 2 *only* and filed with the grievant's department.

Step 3 — County Manager Level Hearing: To be completed by the grievant at Step 3 *only* and filed with the Personnel Department.

Taking together these authorities and the preponderance of the credible evidence, the Court finds that the employee made sufficient efforts to comply with the County's grievance procedure on May 10.

The employee was advised by a commanding officer that he had ten days to "note" an "appeal." It is undisputed that within the ten days he told two County employees, located at the personnel office, that he wanted to complain about his termination and asked for advice. In response, he was given the County's "Request for Grievance Hearing" form which instructed him to complete the step two box "*only*" for a department level hearing. It was not unreasonable for the employee to conclude that his "appeal" must lie with the County Manager, or at step three instead of step two, and his attempt to gain access to the grievance procedure was adequate under the circumstances.

Accordingly, the Court will reverse the decision of the County so that the employee may commence step one of the grievance procedure. The Court expresses no opinion on the merits of the case.